Reid *v.* Vanderheyden, 5 Cow. 179, in E.

In Chancery, Hopkins R. 409.

*Will ; Competency of Testator ; Feigned Issue ; Quashing Appeal.*

Appeal from decree of surrogate. S. Vanderheyden, brother of the half-blood, to J. G. V., the respondent, died without issue, but leaving his wife *enciente,* and a will, by which he gave his property to other persons than the respondent ; but in case of a child born, then to his wife and child in fee. J. G. V. filed a *caveat* against the proof of the will of the deceased.

The surrogate proceeded, after citing the parties, to take proofs ; and before the decree was made, a child was born. Four days after its birth, the surrogate made a decree establishing the will. J. G. V. appealed from this decree.

On motion to the Chancellor (Sanford) to quash the appeal, on the ground that his interest having ceased, he was no longer a proper party to the cause, the motion was overruled, and the Chancellor awarded an issue to try the question of the sanity of the testator, more than 15 days having elapsed from the time of making the first order. On appeal to the Court of Errors from the last order, awarding the issue,

The Court of Errors held that the first order was so connected with the last, that it was examinable by the court, although not appealed from within the 15 days.

The court also held that the Chancellor should have quashed the appeal ; that a person having no interest in the subject matter of a suit, cannot be a party in any court ; and if he have an interest at the commencement of a suit, and that interest ceases, the right to prosecute further, or to appeal, also ceases ; that the child and its mother took the whole estate by the will ; or if that were set aside, then they took it as dowress and heir at law.

The order of Chancellor S. for a feigned issue was accordingly annulled and vacated without costs below to either party, and the appeal ordered to be quashed.

It was also held, that the declaration or order of a surrogate, upon establishing a will, that each party should pay his own costs, is not the subject of an appeal. 1. Because this was not a decree in form. 2. Because a surrogate having no power in such case to award costs or decree in form for costs, it is *coram non judice* and void without reversal on appeal; and that even if there were an interest in the costs merely, that would not give the party a right of appeal in regard to any other matter.